UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FIREMAN'S FUND INSURANCE CO., :<br>a/s/o THE COUNCIL OF UNIT OWNERS :<br>OF 414 WATER STREET CONDOMINIUM:<br>    :<br>    Plaintiff,    :<br>    :    Case No.: 1:18-cv-1962-CCB<br>vs.    :<br>    :<br>FEDERAL FIRE PROTECTION CORP.    :<br>    :<br>    Defendant.    :<br>    :<br>Vs.    :<br>    :<br>VICTAULIC COMPANY    :<br>Registered Agent:<br>United States Corporation Company    :<br>7 St. Paul Street    :<br>Suite 820<br>Baltimore, MD 21202    :<br>    :<br>    and    :<br>    :<br>VSC FIRE & SECURITY, INC.    :<br>Registered Agent:<br>George D. Bogris    :<br>Mintzer Sarowitz Zeris Ledva & Myers LLP  :<br>401 Washington Avenue    :<br>Suite 1203<br>Towson, MD  21204    : | |

## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff Federal Fire Protection Corporation, by counsel and pursuant to Fed. R. Civ. P. 14, and this Court's Scheduling Order of xxx, hereby files this Third-Party Complaint against Third-Party Defendants Victaulic Corporation and VSC Fire & Security, Inc., and alleges as follows:

**EXHIBIT A**

## PARTIES AND JURISDICTION

1. Federal Fire Protection Corporation is a Maryland corporation with Maryland being its principal place of business. Federal Fire has been named as a defendant in the above-captioned litigation filed by Plaintiff Fireman's Fund Insurance Company.

2. Victaulic Company is a New Jersey corporation with its principal office in New Jersey. Victaulic is authorized to do business in Maryland.

3. VSC Fire & Security, Inc., is a Virginia corporation with its principal office in Virginia. VSC is authorized to do business in Maryland.

4. Plaintiff is an Illinois corporation with its principal place of business in California. Plaintiff is authorized to issue insurance policies in Maryland.

## FACTS

5. On or about June 28, 2018, Plaintiff filed the above-captioned action against Federal Fire seeking damages as a result of an incident that occurred at Plaintiff's insured's condominium located at 414 Water Street, Baltimore, Maryland. A copy of the Complaint is attached as Exhibit A.

6. Specifically, Plaintiff alleges on September 5, 2016, that a section of CPVC piping for the fire sprinkler system in a utility room of the 23d floor of the condominium cracked and failed, resulting in the flooding of several areas of the building. Complaint, ¶ 11.

7. Plaintiff alleges that Federal Fire was contracted to install the fire sprinkler system in the building, which contract included obtaining and installing CPVC pipe in the building.

8. Plaintiff alleges that, pursuant to the insurance policy covering its insured, it paid out $308,127.70 to various residents and owners of the condominium units as well as to the

2

condominium itself.

9. Plaintiff alleges that the damages sustained when the pipe burst were caused by the "negligence, carelessness, acts and omissions of" Defendant Federal Fire.

10. Plaintiff further alleges that Federal Fire "breached its implied warranties of workmanlike construction and services by virtue of the acts and omissions" described in its negligence count.

11. Plaintiff assigns no responsibility for the pipe's failure to the manufacturer of the pipe, or to the company that conducted periodic inspection and testing of the fire suppression system, including the CPVC pipes.

12. Federal Fire constructed the fire suppression system in place at 414 Water Street, Baltimore.

13. Federal Fire completed work on the fire suppression system in or around 2007.

14. Federal Fire purchased CPVC pipe from Third-Party Defendant Victaulic Company for use in the fire suppression system at 414 Water Street, Baltimore.

15. Federal Fire used the CPVC pipe purchased from Victaulic Company in the fire suppression system installed at 414 Water Street, Baltimore.

16. At all times relevant to the Complaint and to this Third-Party Complaint, Third-Party Defendant Victaulic Company manufactured and produced mechanical pipe joining and flow control solutions.

17. Victaulic Company provided the CPVC pipe used by Federal Fire to construct the fire suppression system in the condominium.

18. The CPVC pipe manufactured by Victaulic and used by Federal Fire was designed,

manufactured, and marketed for the specific use to which Federal Fire used it in the condominium.

## VSC Fire & Security

19. Subsequent to Federal Fire's installation of the fire suppression system in 414 Water Street, the condominium contracted with VCS Fire & Security to provide periodic maintenance and testing of the fire suppression system in place in the building at all times following its construction and occupancy.

20. As part of its duties under this contract, VSC inspected and tested the CPVC pipes on a regular basis.

21. In addition, VSC on occasion identified and replaced CPVC pipes that it determined to be leaking.

22. Plaintiff's investigation of cracked pipe following the incident alleged in the Complaint concluded that a "stress cracking agent may have been introduced during the time of installation or during scheduled maintenance (such as draining/refilling pipes)."

23. Because VSC performed scheduled maintenance on the CPVC pipe in question, it is possible that VSC introduced the stress cracking agent into the CPVC pipe.

24. In addition, because VSC replaced several segments of CPVC pipe over the course of the years since the building was constructed, VSC could have introduced the stress cracking agent when it installed new CPVC pipe in the building.

## COUNT I – EQUITABLE CONTRIBUTION
### Victaulic Company

25. Federal Fire adopts and incorporates by reference the allegations in paragraph 1-24 above as if fully set forth herein.

26. Federal Fire denies any negligence or other liability in connection with the matters alleged in Plaintiff's Complaint; however, in the event Federal Fire is held liable to Plaintiff, Federal Fire avers that such liability was the result of and caused by the negligence, acts, or omissions and/or other fault of Victaulic Company, including strict liability based upon its provision of faulty and/or defective pipe to Federal Fire for use in the design and construction of the fire suppression system at 414 Water Street, Baltimore, and was not the result of or caused by the negligence, actions or omissions of Federal Fire.

27. If Federal Fire is held liable, pursuant to common law principles, it is entitled to equitable indemnification from Victaulic Company as to all sums for which it is adjudged liable to Plaintiff, plus reasonable attorney's fees, costs, and expenses.

### COUNT II – EQUITABLE CONTRIBUTION
### VSC Fire & Security Company

28. Federal Fire adopts and incorporates by reference the allegations in paragraph 1-27 above as if fully set forth herein.

29. Federal Fire denies any negligence or other liability in connection with the matters alleged in Plaintiff's Complaint; however, in the event Federal Fire is held liable to Plaintiff, Federal Fire avers that such liability was the result of and caused by the negligence, acts, or omissions and/or other fault of VSC Fire & Security, and was not the result of or caused by the negligence, actions or omissions of Federal Fire.

30. If Federal Fire is held liable, pursuant to common law principles, it is entitled to equitable indemnification from VSC Fire & Security as to all sums for which it is adjudged liable to Plaintiff, plus reasonable attorney's fees, costs, and expenses.

## COUNT III – CONTRIBUTION
### Victaulic Company

31. Federal Fire incorporates by reference the allegations made in Paragraphs 1-30 above as if re-stated and fully set forth herein.

32. Federal Fire expressly denies the allegations in Plaintiff's Complaint and denies any liability to Plaintiff. However, in the event that Federal Fire is held liable either in whole or in part to Plaintiff, Federal Fire avers that such liability is either fully or in part caused by the acts, omissions or negligence, including under strict liability principles, of Victaulic Company for the reasons set forth above.

33. By reason of such acts, omissions, negligence and/or strict liability of Victaulic Company, Federal Fire is entitled to contribution from Victaulic Company, jointly and severally, as to any and all damages which may be adjudged to be due and owing to Plaintiff, plus reasonable attorney's fees, costs, and expenses.

## COUNT IV – CONTRIBUTION
### VSC Fire & Security Company

34. Federal Fire incorporates by reference the allegations made in Paragraphs 1-33 above as if re-stated and fully set forth herein.

35. Federal Fire expressly denies the allegations in Plaintiff's Complaint and denies any liability to Plaintiff. However, in the event that Federal Fire is held liable either in whole or in part to Plaintiff, Federal Fire avers that such liability is either fully or in part caused by the acts, omissions or negligence of VS Fire & Security Company for the reasons set forth above.

36. By reason of such acts, omissions, and/or negligence of VSC Fire & Security, Federal Fire is entitled to contribution from VSC Fire & Security, jointly and severally, as to any

and all damages which may be adjudged to be due and owing to Plaintiff, plus reasonable attorney's fees, costs, and expenses.

FOR THESE REASONS, Defendant/Third-Party Plaintiff Federal Fire demands judgment in its favor against Third-Party Defendant Victaulic and/or VSC Fire & Security for common law indemnification and contribution, together with costs and attorney's fees, and such other and further relief as this Court may deem proper.

## JURY DEMAND

Defendant/Third-Party Plaintiff Federal Fire Protection Corp. requests a trial by jury on all of the above claims.

          FEDERAL FIRE PROTECTION CORP.
          By Counsel

          CARR MALONEY P.C.

By:   /s/ *James P. Steele*
      James P. Steele, No. 13484
      Dennis Chong, No. 15277
      2020 K Street, NW, Suite 850
      Washington, D.C. 20006
      202-310-5500 (Tel)
      202-310-5555 (Fax)
      James.Steele@carrmaloney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 25th day of February, 2019, that a true and correct copy of the foregoing was electronically filed and served via the Court's electronic filing/notification system to:

Mark E. Opalisky, Esq.
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA  19103

Eric N. Stravitz, Esq.
4300 Forbes Boulevard
Suite 100
Lanham, MD  20706
Counsel for Plaintiffs

*/s/ James P. Steele*
James P. Steele